## Commonwealth *v.* Kloss, Appellant.

*Election law—Election officers—Failure to deliver returns to prothonotary—Neglect of duty—Act of January* 30, 1874, *P. L.* 31.

1.  A conviction of an election officer for neglect of duty in not delivering election returns to the prothonotary as provided by the Act of January 30, 1874, P. L. 31, will be sustained, where the evidence shows that the returns in question were not on file in the office of the prothonotary, that the defendant delivered the returns to a person who met him in the hall of the courthouse, with the statement that he was a clerk of the prothonotary, that the defendant made no attempt to ascertain the name of the alleged clerk either at the time or afterwards, and that there had been an attempt on the part of some persons to commit a fraud by substitution of forged returns from the district represented by the defendant.

*Criminal law—Indictment—Form of verdict.*

2.  Where an indictment contains several counts involving numerous charges, it is proper for the court to submit to the jury a form of verdict to be rendered in case the defendant should be acquitted or convicted.

*Appeals—Assignments of error—Improper remarks of counsel.*

3.  An assignment of error to improper remarks of counsel does not comply with the rule, if it does not set forth the remarks and the action of the court with reference thereto.

Argued Oct. 19, 1908.  Appeal, No. 19, March T., 1909, by defendant, from judgment of Q. S. Luzerne Co., Jan. T., 1907,

No. 91, on verdict of guilty in case of Commonwealth v. William Kloss. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Indictment for not delivering election returns to prothonotary. Before Staples, P. J.

Verdict of guilty upon which the defendant was sentenced to pay a fine of $200.

*Errors assigned* were in the following form:

1. The court erred in refusing to quash the indictment.

2. The court erred in charging the jury as follows: "He testified that he delivered it to a man who said he was a clerk in the prothonotary's office. Now we instruct you, gentlemen of the jury, that, that did not meet the requirements of the law. The law required that he should deliver that triplicate return to the prothonotary and when he delivered it to a man who simply stated he was a clerk, or clerk of the prothonotary, that did not meet the requirements of the law and you can find nothing else. With regard to that question there is no alternative, because it is the man's own story. The law requires that he should deliver it to the prothonotary and this man was not even a deputy prothonotary, and it does not matter whether it was the prothonotary's office, because the act of 1839 provides for delivering to the prothonotary's office and the legislature changed that and made it the prothonotary."

3. The court erred in charging the jury as follows: "The delivery to the clerk was not sufficient and we say to you, gentlemen of the jury, that under that statement of fact you ought to find that this defendant was guilty of neglect of duty, if you do not find that he was guilty of willful fraud, neglect of duty in not delivering the triplicate return to the prothonotary."

4. The court erred in charging the jury as follows: "If you should find him guilty of all the counts, and not guilty of neglect of duty,—but the court does not see how it is possible for you to do that,—you are to dispose of the costs."

5. The court erred in submitting a form of verdict to the

jury which contained the following words: "As to the thirteenth count of the indictment we find the defendant guilty." [1]

6. The court erred in refusing to withdraw a juror after improper remarks had been made to the jury by the special district attorney in his closing argument.

*John M. Garman,* with him *B. R. Jones, Frank A. McGuigan,* and *James H. Shea,* for appellant.—The act of receiving the returns was purely ministerial on the part of the prothonotary, and could be delegated: Scola's Case, 8 Pa. C. C. Rep. 344; Boso's Application, 6 Kulp, 83; Reigart v. McGrath, 16 S. & R. 65; Com. v. Finney, 17 S. & R. 282; Kershner v. Stoltz, 1 Pa. C. C. Rep. 72.

*John H. Williams,* with him *John McGahren,* for appellee.

OPINION BY HENDERSON, J., February 26, 1909:

This case was argued with Commonwealth v. John Havrilla, ante, p. 292, and arises out of a similar state of facts.   The first assignment involves the validity of the indictment and is the same question considered and disposed of in the Havrilla case against the position of the appellant.

The second and third assignments bring up a part of the charge relating to the delivery of the election returns as required by the Act of January 30, 1874, P. L. 31.   The argument of the learned counsel for the appellant would have much force if it appeared from the evidence that there had been a delivery of the returns to a deputy or clerk in the prothonotary's office, but no such defense is set up.   The commonwealth offered evidence that the returns brought in by the defendant were not on file in the office.   From that evidence the jury would have been justified in at least convicting the defendant of neglect of duty. The evidence for the defendant does not relieve him from this charge.   The most favorable view of it is that late in the afternoon, after having spent a considerable part of the day in saloons where he was drinking with some companions, he went to the courthouse with three other judges of election who had been with him during the day; there he met a man in the hall

who said: "What do youse want? I said, We are judge of election. He said, You are kind of late coming around. I told him we were here in the morning but place was so full we couldn't get around. He said, I will help you out. He said, I am a clerk here, he said, I will take your returns, he says, come in here. I went in office there and give them to him. Q. What office was that? A. I think it was the first office on the other side as you go in right alongside prothonotary's office. Q. What did you do when you got in there? A. He give me a book and told me to sign my name on that book. I signed my name. I asked him about the pay. He said couldn't give us the pay to-day, couldn't get it, but he gave me a note. I took that away. Told me I could get the pay any time. . . . Q. Who was the man you gave the papers to? A. I wouldn't be able to tell him if I saw him. He was a short, dark-complected man. Q. Was there any other conversation between you and him as to who he was? A. No, he just told me he was a clerk there. Q. Clerk of what? A. Prothonotary's office."

On cross-examination the defendant testified that he did not ask the alleged clerk his name, and stated that he had not made any inquiry to find out what his name was. No one of the persons accompanying the defendant was called to testify for the defense, nor was any effort made to show that the person to whom the defendant delivered the returns was in any way employed by the prothonotary. The commonwealth's evidence showed an attempt on the part of some persons to commit a fraud on the election by the substitution of forged returns from the district represented by the defendant, and it was in the light of the uncontradicted evidence that the court gave the instruction contained in the second and third assignments. In view of the evidence we think the court was not in error in instructing the jury that they should convict the defendant of neglect of duty, if not of willful fraud. The charge did not amount to binding instruction, and it is too well settled to be open for discussion that the trial judge may express his opinion on the evidence if done in such a way as not to take the case from the jury.

The fifth assignment is without merit. The indictment con-

tained thirteen counts involving numerous charges, and it was entirely proper for the court to submit to the jury a form of verdict to be rendered in case the defendant should be acquitted or convicted.

The sixth assignment is not in accordance with the rule of court. It does not set forth the remarks attributed to the special district attorney, nor the action of the court with reference thereto.

The exceptions are overruled and the judgment affirmed.